UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the Representative of a class of similarly-situated persons,<br>        Plaintiff,<br><br>    v.<br><br>VERTEX PHARMACEUTICALS INCORPORATED, TACTICAL ADVANTAGE GROUP, LLC and JOHN DOES 1-10,<br>        Defendants. | CIVIL ACTION<br>NO. 15-CV-11517-JCB |

DEFENDANT TACTICAL ADVANTAGE GROUP, LLC'S
MOTION FOR RECONSIDERATION OF COURT'S MAY 4, 2018 ORDER GRANTING
PLAINTIFF'S ASSENTED-TO MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND NOTICE TO SETTLEMENT CLASS
_____

    Tactical Advantage Group LLC ("TAG") hereby submits this Motion for Reconsideration of this Court's Order dated May 4, 2018 [Docket No. 182] regarding Plaintiff's Assented-To Motion for Preliminary Approval of Class Action Settlement and Notice to Settlement Class [Docket No. 159] ("Class Settlement").  As grounds for its motion TAG states, by and through undersigned counsel, that the Class Settlement purports to require TAG to execute a Stipulation of Conditional Dismissal Without Prejudice which is contrary to Fed. R. Civ. P. 41(a)(1)(ii) and, as such, TAG has not and will not sign the proposed stipulation.  For the reasons set forth below, TAG respectfully requests that the Court reconsider its Order, and specifically carve out any provision included in the Class Settlement that pertains to or that requires any action by TAG.

1

Moreover, TAG further requests the Court to rule on the Motion for Dismissal of Claims against TAG filed by Plaintiff on August 3, 2017, [Docket No. 136], and dismiss Plaintiff's claims against TAG <u>with prejudice</u> after Plaintiff is given an opportunity to withdraw its motion.

## ARGUMENT

On February 2, 2018 Plaintiff filed its Assented-To Motion for Preliminary Approval of Class Action Settlement and Notice to Settlement Class ("the Motion")[1] [Docket No. 159], and its attendant Memorandum of Law and Exhibits. [Docket No. 160]. The Memorandum of Law at Footnote 1 stated "Concurrently with this Motion, Plaintiff is filing…(ii) a Notice of Conditional Voluntary Dismissal as to Tactical, which dismissal *by agreement of the Parties* (emphasis added) shall become effective only upon entry of orders by the Court granting final approval of the Parties' settlement and final judgment in this action." The proposed Stipulation and Settlement Agreement appended to the Memorandum of Law as Exhibit A further referenced that "concurrently with the filing of this Settlement Agreement with the Court, the Plaintiff shall file…(ii) an assented-to motion and joint stipulation voluntarily and conditionally dismissing Tactical *without prejudice* (emphasis added)."

On February 6, 2018, TAG filed its limited opposition to Plaintiff's Motion [Docket 165] on the grounds that TAG never assented to the Stipulation of Conditional Dismissal Without Prejudice prior to the filing of Plaintiff's Motion and will not assent to a dismissal without prejudice in this action. For the Court's convenience, TAG attached to its limited opposition the Stipulation of Conditional Dismissal proposed by Plaintiff and purporting to be pursuant to Fed. R. Civ. P. 41(a)(1)(ii) which TAG never agreed to sign orally or in writing. [Docket 165-1].

---

[1] TAG is not a party to any settlement agreement with regards to this action, nor did it assent to the Motion, or any appended exhibits.

After hearings on March 14, 2018 and May 1, 2018, the Court issued its Order preliminarily approving the settlement on certain conditions pertaining to attorney's fees, the objection and opt out period, and the substance of any objections. [Docket No. 182]. The Court's Order makes no reference to TAG's refusal to execute the proposed Stipulation of Conditional Dismissal Without Prejudice or Plaintiff's Motion for Dismissal of Claims against TAG.

The Settlement Agreement, by its terms, is clearly between Plaintiff and Vertex, and yet it is predicated, in part, on TAG executing a document to which it objects and will not sign. There should be no documents or provisions in the Settlement Agreement that requires any action from TAG, or that attempts to compel TAG to act against its own best interests. TAG did not engage in settlement discussions, as it was waiting for the Court's action on Plaintiff's Motion for Dismissal of Claims against TAG filed on August 3, 2017, [Docket No. 136], which Motion has now been ripe for a decision for more than eight (8) months. Since the Motion has not been ruled on by the Court, TAG remains a party to this lawsuit.

Moreover, a voluntary stipulation of dismissal, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), must be signed "by all parties who have appeared" which TAG will not do. Finally, pursuant to Fed. R. Civ. P. 41(a)(2), the Court has the discretion to grant Plaintiff's Motion for Dismissal of its Claims against TAG with prejudice. See Fed. R. Civ. P. 41(a)(2)(an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*.)(emphasis added). These conditions may be proposed by the parties or *sua sponte* by the court. See S.B. v. KinderCare Learning Centers, LLC, 815 F.3d 150, 153 (3d Cir. 2016); In re: FEMA Trailer Formaldahyde Prod. Liab. Litig., 628 F.3d 157, 163 (5th Cir. 2010). Where a party proposes to dismiss a case at the later stages of pretrial proceedings, permissible conditions include making

3

the dismissal with prejudice.  In re: FEMA, supra at 163; but see Michigan Surgery Inv., LLC v. Arman, 627 F.3d 572, 575 (6th Cir. 2010)(court must give the plaintiff notice and an opportunity to withdraw its motion before making the dismissal with prejudice); see also Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002)(the primary purpose of rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side and to permit the imposition of curative conditions); Id. at 316, n.1 (the court may require the dismissal to be with prejudice to protect the defendant, but not to punish the plaintiff).

## CONCLUSION

For the foregoing reasons, TAG respectfully requests the Court to reconsider its Order dated May 4, 2018 and specifically carve out any provision included in the Class Settlement that pertains to or requires any action by TAG, including, but not limited to, executing the proposed Stipulation of Conditional Dismissal Without Prejudice.  Moreover, TAG respectfully requests the Court to rule on the Motion for Dismissal of Claims against TAG filed by Plaintiff on August 3, 2017, and dismiss Plaintiff's claims against TAG with prejudice after Plaintiff is given an opportunity to withdraw its motion.

        Respectfully submitted,
        TACTICAL ADVANTAGE GROUP, LLC,
        By its attorneys,

         /s/  Scott P. Lopez
        Scott P. Lopez (BBO# 549556)
        splopez@lawson-weitzen.com
        Maria Galvagna Mesinger (BBO#547953)
        mmesinger@lawson-weitzen.com
        Michael Williams (BBO#634062)
        mwilliams@lawson-weitzen.com
        LAWSON & WEITZEN, LLP
        88 Black Falcon Avenue
        Boston, MA  02210
        Tel:   (617) 439-4990
Dated: May 10, 2018        Fax:  (617) 439-3987

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as the non-registered participants on May 10, 2018.

      /s/ Scott P. Lopez
Scott P. Lopez