**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the putative representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> VERTEX PHARMACEUTICALS INCORPORATED, TACTICAL ADVANTAGE GROUP, LLC and JOHN DOES 1-10, <br><br> Defendants. | Civil Action No. 1:15-cv-11517-JCB |

## STIPULATION AND SETTLEMENT AGREEMENT

This Stipulation and Settlement Agreement ("Agreement") is entered into on the date of execution between PHYSICIANS HEALTHSOURCE, INC. ("Physicians" or "Plaintiff"), on behalf of itself and a class of similarly-situated persons (identified and defined below as the "Settlement Class"), and VERTEX PHARMACEUTICALS INCORPORATED ("Vertex" or "Defendant"), including their agents, representatives, employees, directors, officers, shareholders, attorneys, parents, subsidiaries and affiliates. Plaintiff, the Settlement Class and Vertex are collectively referred to as the "Parties." For avoidance of doubt, the term "Parties" shall not include defendants TACTICAL ADVANTAGE GROUP, LLC ("Tactical"), and JOHN DOES 1-10 (collectively with Tactical, the "Non-signatory Defendants"). This Agreement is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**WHEREAS**, on behalf of itself and a putative class of similarly-situated persons, Plaintiff filed a civil action against Vertex and the Non-signatory Defendants that is pending in the United

States District Court of the District of Massachusetts currently entitled *Physicians Healthsource, Inc. v. Vertex Pharmaceuticals Incorporated, Tactical Advantage Group, LLC and John Does 1-10,* Case No. 1:15-cv-11517-JCB (the "Lawsuit");

**WHEREAS**, Plaintiff's Class Action Complaint alleges that Vertex and the Non-signatory Defendants violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(b)(1)(C) and the FCC regulations by sending advertisements by facsimile without prior express invitation or permission;

**WHEREAS**, Vertex denies the allegations in Plaintiff's Class Action Complaint, denies any wrongdoing, and denies that Plaintiff or any member of the Settlement Class was injured or is entitled to any relief as a result of any allegation in Plaintiff's Class Action Complaint;

**WHEREAS**, the Parties engaged in a mediation before the Hon. Stephen E. Neel, retired Associate Justice of the Massachusetts Superior Court, in an effort to resolve their dispute and, in addition, to develop the notice and claims process described herein;

**WHEREAS**, without admitting or conceding fault or liability or the validity of Plaintiff's claims or available defenses, points of law or points of fact, or that Plaintiff or any proposed Settlement Class member was injured or is entitled to any relief because of any defendants' conduct, Vertex has agreed to settle all disputes against it regarding the faxes sent to the Settlement Class, including but not limited to all claims of the Settlement Class that were made or could have been made in the Lawsuit;

**WHEREAS**, without admitting or conceding fault or liability, Vertex and its Insurer, Federal Insurance Company ("Federal"), have agreed to settle the claims against Vertex by making a total of $4,750,000.00 available to fund this settlement; and

**WHEREAS**, Class Counsel (identified below) have concluded that the terms and

conditions of the Agreement provided herein are fair, reasonable, and adequate, and in the best interests of the Settlement Class as a means of resolving all disputes between and among the Plaintiff, the Settlement Class, and Vertex;

**WHEREAS,** concurrently with the filing of this Settlement Agreement with the Court, the Plaintiff shall file (i) an assented-to motion and joint stipulation voluntarily and immediately dismissing defendants John Does 1-10 with prejudice; and (ii) an assented-to motion and joint stipulation voluntarily and conditionally dismissing Tactical without prejudice, which dismissal shall become effective only upon the Court's final approval of the Parties' settlement and entry of final judgment in this Lawsuit;

**WHEREAS,** the Settlement Class includes individuals or entities who received one or more of the at least 8,809 faxes allegedly sent by or on behalf of Vertex;

**WHEREAS,** the Parties each acknowledge that they have not admitted, and continue to deny, liability to any other Party and enter into this Agreement solely to avoid the expense, uncertainty, distraction, and inconvenience of litigation; and

**WHEREFORE,** the Parties stipulate and agree that the claims of the Settlement Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

1.     <u>Incorporation By Reference</u>. The above described recitals and all exhibits to this Agreement are incorporated herein and made a part hereof.

2.     <u>For Settlement Only</u>. This Agreement resolves all disputes between Vertex, on the one hand, and Plaintiff and the Settlement Class, on the other. Assertions, statements, and representations herein are for settlement purposes only.  If this Agreement or a modified version thereof that is acceptable to all Parties is not finally approved by the Court, then the Parties

expressly agree that this Agreement is null and void and may not be used by any party for any purpose.  Nothing in this Agreement shall be construed as an admission or concession by any Party as to the merits of any claim or defense in the Lawsuit, nor shall any Party be considered a "prevailing party" in the Lawsuit as a result of the settlement contemplated by this Agreement.

3.      Certification of the Settlement Class. The Parties hereby stipulate, for purposes of settlement only, to certification of a "Settlement Class" defined as follows: "All persons or entities in the United States who were successfully sent one or more unsolicited facsimiles inviting recipients to an 'interactive meeting presented via satellite' on June 9, 2011, and stating 'Incivek: A Change in the Treatment Paradigm' and 'NEW INCIVEK (telepravir) tablets….'"  Excluded from the Settlement Class are Tactical, Vertex, and Federal, including any and all parents, subsidiaries, affiliates or control persons of Tactical, Vertex and Federal, as well as the officers, directors, members, managers, agents, servants, and employees of Tactical, Vertex, and Federal and the immediate family members of such persons. In the event the settlement contemplated under this Agreement does not receive final approval from the Court, the fact that the Parties stipulated to a settlement class solely for the purpose of settlement shall not be used by any Party for any purpose, including without limitation either to support or oppose class certification in the Lawsuit.

4.      Representation of the Settlement Class. Plaintiff will be appointed as the "Class Representative," and attorneys Ross M. Good of Anderson + Wanca and Alan L. Cantor of Swartz & Swartz will be appointed as "Class Counsel."

5.      Preliminary Approval. Following execution of this Agreement by the Parties, Plaintiff shall file with the Court this Agreement and an assented-to Motion for the entry of an order preliminarily approving this settlement.  A proposed "Order Preliminarily Approving Class Action Settlement" (the "Preliminary Approval Order") is attached as Exhibit 1.  If the Court does

not enter a preliminary approval order substantially in the form of Exhibit 1 or a modified version thereof which is acceptable to all Parties, then this Agreement shall be null and void.

6.      CAFA Notices. Within ten (10) days after this Settlement Agreement is filed with the Court, Vertex's counsel will cause the notice of the settlement required by the Class Action Fairness Act, 28 U.S.C. § 1717(b), to be issued to the Attorney General for the United States, as well as all applicable State Attorney Generals.

7.      The Settlement Fund. Vertex and its Insurer, Federal, agree to make available a common fund of $4,750,000.00 (the "Settlement Fund") to pay valid class member claims, to pay an incentive payment to the Class Representative, to pay attorney's fees and reasonable litigation costs and expenses to Class Counsel, and to pay for the costs and expenses associated with claims administration, as approved by the Court. Vertex and Federal need not segregate funds or otherwise create special accounts to hold the Settlement Fund, and will not relinquish control of any money until payments are due.  Except for the agreed payments (approved claims of class members, to Class Counsel, or to the Class Representative), Vertex and Federal will keep all unclaimed funds.  Vertex and Federal shall not be responsible for any payments or obligations other than those specified in this Agreement.

8.      Notice. The Parties will request that the Court approve a "Notice of Class Action and Proposed Settlement with Attached Claim Form" in the form attached hereto as Exhibit 2A (the "Notice and Claim Form"), and request approval to send the Notice and Claim Form attached as Exhibit 2A to the Settlement Class by facsimile to the fax numbers of the recipients of the 8,809 faxes identified in the transmission records produced in discovery (the "Transmission Records"), and for any facsimile unsuccessful after three attempts then by postcard via U.S. Mail to reasonably ascertainable mailing addresses of the recipients of the 8,809 faxes identified in the Transmission

Records.  Plaintiff will also request that the Court approve a "Short Form Notice of Class Action Settlement" ("Short Form Notice"), which shall be published one time in USA Today in the form attached as Exhibit 2B.  A separate claim form will be required for ANY claimant who is not included in the list of 8,809 fax numbers identified in the Transmission Records, in the form attached as Exhibit 2C (the "Publication Claim Form"), in which the claimant shall verify receipt of the fax and submit a copy of the fax or fax transmission records establishing such receipt.  Notice shall be effectuated within 14 calendar days of the entry of the preliminary approval order.  The Notice and Publication Claim Form will also be available at a website maintained by the Claims Administrator.

9.      <u>Claim Forms</u>. Settlement Class members must submit timely and fully completed and executed claim forms to receive payments from the Settlement Fund.  Claim Forms and Publication Claim Forms will be due within 60 days after the Notice is sent to the Settlement Class (the "Claims Due Date").  Claims may be submitted by facsimile, U.S. Mail, or via the settlement website.  Approved claims will be paid at $500.00 per fax or a lesser *pro rata* amount if the product of the amount of faxes claimed multiplied by $500.00 exceeds the sum of the Settlement Fund minus payments made for attorney's fees and costs as approved by the Court, including costs of the third-party claims administrator, and the payment made to the Class Representative.  Any member of the Settlement Class who does not submit a Claim Form or Publication Claim Form by the Claims Due Date, as shown by postmark or other identifiable date of transmission, shall receive no monetary payment from the Settlement Fund.

10.     <u>Incentive Award, Attorney's Fees, and Out of Pocket Expenses</u>. Plaintiff may petition the Court to pay Plaintiff $15,000.00 from the Settlement Fund for representing the Settlement Class as the Class Representative. Class Counsel may petition the Court to pay

attorney's fees to Class Counsel in an amount equal to one-third of the Settlement Fund before any other deduction ($1,583,333.33), plus reasonable out-of-pocket expenses, including costs of the third-party claims administrator, not to exceed $90,000.00, all payable from the Settlement Fund. Vertex will not object to or oppose such applications to pay Plaintiff an incentive fee and to pay Class Counsel fees and expenses up to the amounts specified herein.  The attorney's fees, incentive award, and actual out-of-pocket expenses, including costs of the third party claims administrator, shall be paid on or before thirty-five (35) days after entry of the Final Approval Order, or if any Settlement Class member objected to the settlement, the date on which the deadline for filing an appeal has expired or, if there are appeals, the date on which the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.  The awards will be set forth in a separate order or orders and paid exclusively from the Settlement Fund as provided herein.

11.  <u>Final Approval</u>. The Parties will request the Court hold a final approval hearing to consider the fairness, reasonableness, and adequacy of this Agreement, which hearing will occur after the Claims Due Date.  After, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, Plaintiff shall file an assented-to motion for an order finally approving the settlement and all of its terms in the form attached hereto as Exhibit 3 (the "Final Approval Order"). The fact that the Court may require non-substantive changes in the Final Approval Order will not invalidate this Agreement or the settlement, provided all Parties agree that any such changes are non-substantive.  If the Court does not enter a final approval order substantially in the form of Exhibit 3 or a modified version thereof which is acceptable to all Parties, which becomes a final and non-appealable order, then this Agreement

shall be null and void.

12.    Effective Date.  This Agreement shall not be effective until the Effective Date. "Effective Date" means the date of the later of (a) the date on which the Court enters the Final Approval Order, substantially in the form of Exhibit 3 to this Agreement, or in a form agreed to by the Parties, dismissing with prejudice the claims of all Settlement Class members (including Plaintiff) who do not properly exclude themselves as provided in the notices attached hereto or (b) if any Settlement Class member objected to the settlement, the date on which the deadline for filing an appeal has expired or, if there are appeals, the date on which the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

13.    Claims Administrator.  Class-Settlement.com shall be the Claims Administrator and will issue the class notice, maintain the settlement website, assist class members in completing and submitting forms if class members request such assistance, receive the Claim Forms and Publication Claim Forms, and provide a list of approved and rejected claims to counsel for the parties.  The Claims Administrator will determine the validity of submitted Claims Forms by confirming that the claimant has completed all required steps set forth in the Claims Form, signed all required verifications, and that the claimant provides information that is consistent with, and appears in, the Transmission Records.  The Claims Administrator will determine the validity of submitted Publication Claims Forms by confirming that the claimant has completed all required steps set forth in the Publication Claims Form, signed all required verifications, and has provided a copy of the fax(es) or fax transmission records establishing that the claimant received one or more faxes.  Within 14 days after expiration of the period in which putative Settlement Class members may submit claims, the Claims Administrator shall inform Class Counsel and counsel

for Vertex of the number of approved and unapproved claims and will provide them upon request with copies of all valid and/or accepted Claim Forms and Publication Claim Forms. The Parties will have the opportunity to review and object to the timeliness and/or validity of the forms during, or at any time within 30 days after the Claims Due Date. The decision of the Claims Administrator regarding the approval of claims shall be binding on the Parties.

14.    Claims Processing and Payment. Within thirty-five (35) days after final approval by the Court, or if any Settlement Class member objected to the settlement, the date on which the deadline for filing an appeal has expired or, if there are appeals, the date on which the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review, Vertex and Federal shall deliver funds to the Claims Administrator to pay the claims. Checks issued to the Settlement Class members will be void 90 days after issuance and shall state that fact on their face. Any Settlement Class member who does not negotiate the settlement payment check issued to the Settlement Class member within 90 days of the date of the settlement check, agrees to forfeit and waive any right for compensation under the settlement. Within thirty (30) days after expiration of the 90 day period, all unclaimed money in the Settlement Fund shall be returned to Vertex and Federal. Class Counsel shall be solely responsible for supervising the Claims Administrator, the issuance of notices as provided herein, claims administration, and/or processing. Other than as expressly specified herein, Vertex and Federal shall have no liability, obligation or responsibility whatsoever for administration of the settlement or any acts, errors or omissions of the Claims Administrator in effectuating this settlement or in the maintenance or distribution of the settlement funds.

15.    Payment of Incentive Award, Fees, and Expenses. Within thirty-five (35) days after

entry of final approval, or if any Settlement Class member objected to the settlement, the date on which the deadline for filing an appeal has expired or, if there are appeals, the date on which the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review, Vertex and Federal shall pay into the Settlement Fund the attorney's fees, out-of-pocket expenses and costs, including claims administration, and the incentive award approved by the Court in the Final Approval Order.  Payment of the attorney's fees, incentive award and expenses shall be made by wire transfer or cashiers or certified check to the Claims Administrator per instructions to be provided to Vertex.  Upon full payment, Vertex and Federal shall have no further obligations to the Settlement Class or otherwise with respect to the settlement.

16.     Releases. Subject to and effective upon payment of all monies due under the Settlement Agreement, all Settlement Class members, except those who are validly excluded from the Settlement Class as determined by the Court, and Plaintiff's counsel Anderson + Wanca, Swartz and Swartz, P.C., and Montgomery, Rennie and Jonson (collectively, the "Releasors"), for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge Vertex and Federal, and their directors, officers, shareholders, members, managers, employees, agents, affiliates, attorneys, parent corporations, and other associated business entities and their successors and heirs (the "Releasees") from liability for any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, which Plaintiff and the Settlement Class members have, had or may have against the Releasees, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, or which have been, could have been, or in the future might be asserted against Releasees, that arise out of or relate to the faxes

sent by or on behalf of Vertex concerning the June 9, 2011 program titled "Incivek: A Change in the Treatment Paradigm" (the "Released Claims").  If any of the Releasors resides in California or are otherwise subject to California law, then such Releasors hereby waive all rights under Section 1542 of the Civil Code of California, which provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which is known by him must have materially affected his settlement with the debtor." The Settlement Class will not release claims regarding any other advertisements or facsimiles sent by or on behalf of Defendants concerning any other programs. This settlement will not release any other claims of Defendant Vertex, Federal, or their assignees, including without limitation any claim for indemnity, contribution or breach of contract against Tactical or any party related to Tactical.

17.    Class Barred. On the Effective Date, all members of the Settlement Class who did not exclude themselves as required by the Notice (and any person or entity claiming by or through him, her, or it, as heir, administrator, devisee, predecessor, successor, attorney, representative of any kind, shareholder, director or owner of any kind, affiliate, subrogee, assignee, or insurer) will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from the Lawsuit or any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against the Releasees about the Released Claims; and all persons and entities shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Releasees (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction)

on behalf of Settlement Class members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or arises from the Released Claims.

18.    <u>Cooperation</u>.  Plaintiff and Vertex agree to cooperate fully and use their best efforts to effect the consummation of this Agreement, obtain necessary Court approvals, and to achieve the settlement provided for herein.

19.    <u>Agreement Contingent Upon Entry of Final Approval Order</u>. This Agreement is contingent upon the Court's entry of an order substantially in the form of Exhibit 3 or in some other form which is acceptable to all the Parties, granting final approval to the terms of this Agreement, which becomes a final and non-appealable order.  If the Court refuses to grant final approval of the terms of the settlement set forth herein, or if the Court's Final Approval Order is reversed or substantially modified on appeal in a manner which is not acceptable to all Parties, then this Agreement shall be null and void and no stipulation, representation, or assertion of fact made in this Agreement may be used against any Party for any purpose. No Party to this Agreement, absent any substantive change by the Court, shall appeal the approval of this Settlement Agreement by the Court.

20.    <u>Notices</u>.  Requests for exclusion, objections to the Agreement or settlement, and notices to Plaintiff and the Settlement Class shall be sent to:

| | |
|---|---|
| Ross M. Good | William T. Hogan III |
| Anderson + Wanca | Nelson Mullins Riley & Scarborough, LLP |
| Attn.: Vertex Settlement | Attn.: Vertex Settlement |
| 3701 Algonquin Road, Suite 500 | One Post Office Square, 30th Floor |
| Rolling Meadows, IL  60008 | Boston, MA  02109 |

21.    <u>Objections</u>.    Any objections to the Agreement or settlement must be submitted in writing to the Court and a copy sent to both Class Counsel and Counsel for Defendant Vertex. Any Settlement Class Member who does not make his or her objection in the manner and

timeframe provided in the notice shall be deemed to have waived any objection.

22.    <u>Integration Clause</u>.  This Agreement contains the full, complete, and integrated statement of each term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose.  This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by adequate consideration as confirmed in writing.  In the event of any inconsistency or alleged inconsistency between the terms of this Agreement (excluding Exhibits) and the Exhibits incorporated by reference herein, the terms of this Agreement shall control.

23.    <u>Headings</u>.  Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

24.    <u>Binding and Benefiting Others</u>.  This Agreement shall be binding upon and inure to the benefit of the Parties, and to their respective agents, employees, representatives, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and successors in interest.

25.    <u>Warranties</u>.  The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts.  Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party(ies) for which he or she is signing.

26.    <u>Governing Law</u>.  The contractual terms of this Agreement shall be interpreted and

enforced in accordance with the substantive law of the state of Massachusetts, without regard to its conflict of laws or choice of laws provisions.

27.     <u>Mutual Interpretation</u>.   The Parties agree and stipulate that the settlement was negotiated on an "arm's-length" basis between parties of equal bargaining power.  This Agreement is not one of adhesion, is mutually created and no ambiguity shall be construed in favor of or against any of the Parties.  The Settlement Class acknowledges, but does not concede to or agree with, statements by Defendants regarding the merits of the claims or class certification and Defendants acknowledge, but do not concede to or agree with, the Settlement Class's statements regarding the merits of the claims or class certification.

28.     <u>Counterparts</u>.   This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Signatures transmitted by facsimile or e-mail are acceptable for the execution of this Agreement and shall be treated as if original signatures.

29.     <u>Severability</u>.   If any provision of this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Agreement.

30.     <u>No waiver</u>.   The waiver by one Party of any breach under this Agreement by any other Party shall not be deemed a waiver of any prior or subsequent breach of this Agreement.

31.     <u>Right to Set Aside</u>.   Any Party shall have the right, but not the obligation, to set aside or rescind this Agreement if (a) more than eighteen percent (18%) of putative Settlement Class members submit a timely request for exclusion from this settlement, (b) any objection is

sustained, regardless of any right to appeal or reverse the Court's ruling as to that objection, or (c) there are any material modifications to the Settlement Agreement by the Court, any other court, or by any tribunal, agency, entity, or person that are not approved by the Parties. The right to rescind under (a) or (b) must be exercised, if at all, no later than fourteen (14) days before the date of the Final Approval Hearing, or else the Parties agree that any attempted rescission shall be without effect. Rescission or setting aside is effective only if and when notice of same is filed with the Court and emailed to counsel for the Parties. The Party which rescinds or sets aside shall be responsible for the costs of administration through the date of rescission.

32.    <u>No Admission of Liability</u>.  Vertex and Federal have agreed to the terms of this Agreement to end all controversy with Plaintiff and the Settlement Class and to avoid the burden, distraction and expense of litigation, without in any way acknowledging fault or liability. Vertex and Federal have denied and continue to deny all charges of liability or wrongdoing by any of the Releasees. As a result, this Agreement may not be construed, in whole or in part, as an admission of fault or liability to any person by any of the Releasees, nor shall this Agreement or any part thereof be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing of any kind by any of the Releasees. However, nothing in this Paragraph shall affect the admissibility of this Agreement or any of its terms in any action or proceedings relating to any claim for breach of contract, contribution, indemnification, or any similar cause of action or request for relief brought by Vertex, Federal, or any of their assignees against Tactical or any party related to Tactical.

32.    <u>Continuing Jurisdiction</u>. Without affecting the finality of the final judgment, the Parties will ask the Court to retain continuing jurisdiction over the Lawsuit and the Parties, including all members of the Settlement Class, the administration and enforcement of this

Agreement and the settlement, and the benefits to the Settlement Class hereunder, regarding the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, and the Final Approval Order and final judgment. Any disputes or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

*Remainder of page intentionally left blank*.

**IN WITNESS WHEREOF,** the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

VERTEX PHARMACEUTICALS
INCORPORATED

By: _____

Its: _____

Date: _____


NELSON MULLINS RILEY &
SCARBOROUGH, LLP

By: _____

Its: _____

Date: _____

*Counsel for Vertex Pharmaceuticals
Incorporated*


*As To The Settlement Fund and Release:*

FEDERAL INSURANCE COMPANY

By: _____

Its: _____

Date: _____


PHYSICIANS HEALTHSOURCE, INC.

By: _____

Its: _____

Date: 2/2/18


ANDERSON + WANCA

By: _____

Its: *Pres.*

Date: 2/2/18

*Counsel for Plaintiff Physicians Healthsource,
Inc.*

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

VERTEX PHARMACEUTICALS
INCORPORATED

By: _____

Its: _SVP, Chief Risk & Compliance Officer_

Date: _2/1/18_

PHYSICIANS HEALTHSOURCE, INC.

By: _____

Its: _____

Date: _____

NELSON MULLINS RILEY &
SCARBOROUGH, LLP

By: _William T Hogan IV_

Its: _Partner_

Date: _2-1-18_

ANDERSON + WANCA

By: _____

Its: _____

Date: _____

*Counsel for Vertex Pharmaceuticals
Incorporated*

*Counsel for Plaintiff Physicians Healthsource,
Inc.*

*As To The Settlement Fund and Release:*

FEDERAL INSURANCE COMPANY

By: _____

Its: _____

Date: _____

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

VERTEX PHARMACEUTICALS
INCORPORATED

By: _____

Its: _____

Date: _____


NELSON MULLINS RILEY &
SCARBOROUGH, LLP

By: _____

Its: _____

Date: _____

*Counsel for Vertex Pharmaceuticals
Incorporated*


*As To The Settlement Fund and Release:*

FEDERAL INSURANCE COMPANY

By: _____

Its: VP Claim Leader

Date: 2/2/18


PHYSICIANS HEALTHSOURCE, INC.

By: _____

Its: _____

Date: _____


ANDERSON + WANCA

By: _____

Its: _____

Date: _____

*Counsel for Plaintiff Physicians Healthsource,
Inc.*

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

PHYSICIANS HEALTHSOURCE, INC., an
Ohio corporation, individually and as the
putative representative of a class of similarly-
situated persons,

Plaintiff,

v.                                                         Civil Action No. 1:15-cv-11517-JCB

VERTEX PHARMACEUTICALS
INCORPORATED, TACTICAL
ADVANTAGE GROUP, LLC and
JOHN DOES 1-10,

Defendants.

## [PROPOSED] ORDER
## PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

This matter coming before the Court on the parties' Agreed Motion for Preliminary

Approval of Class Action Settlement and Notice to the Class (the "Joint Motion"), after review

and consideration of the Stipulation and Settlement Agreement ("Settlement Agreement"), and

after hearing statements of the parties' attorneys in open court on _____, 2018, and having

been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1.        Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in light of the

factual, legal, practical, and procedural considerations raised by this case, the settlement of this

action, as embodied in the terms of the Settlement Agreement attached to the Assented-to

Motion, is hereby preliminarily approved as a fair, reasonable, and adequate settlement of this

case in the best interests of the Settlement Class.  The Settlement Agreement is incorporated by

reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

2.      Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, by stipulation of the parties, and solely for the purpose of settlement, the Court hereby provisionally certifies the following class:

> "All persons or entities in the United States who were successfully sent one or more unsolicited facsimiles inviting recipients to an "interactive meeting presented via satellite" on June 9, 2011, and stating "Incivek:  A Change in the Treatment Paradigm" and "NEW INCIVEK (telepravir) tablets…."

The Court certifies the Class for settlement purposes only and by agreement of the parties. Excluded from the Settlement Class are Vertex, Vertex's insurer, Federal Insurance Company ("Federal"), and non-settling defendant Tactical Advantage Group LLC ("Tactical"), including any and all of their parents, subsidiaries, affiliates or controlled persons, officers, directors, members, managers, agents, servants, and employees, and the immediate family members of such persons.

3.      The Court finds that certification for purposes of settlement is appropriate because (a) the class is sufficiently numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys will fairly and adequately protect the interests of the class; and (e) a class action is a superior means of resolving this controversy.

4.      The Court appoints Physicians Healthsource, Inc. as the representative of the Settlement Class pursuant to Rule 23(a), and appoints Physicians Healthsource, Inc.'s attorneys (Ross Good of Anderson + Wanca and Alan Cantor of Swartz and Swartz) as Class Counsel pursuant to Rule 23(g).

5.    The Court finds that the Settlement Agreement's plan for class notice (i) is the best notice practicable under the circumstances; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class members of the settlement, the effect of the settlement (including the releases therein), and their right to exclude themselves from the settlement or object to the terms of the settlement (and appear at the Final Approval Hearing); (iii) constitutes due and sufficient notice of the settlement to all reasonably identifiable persons entitled to receive such notice; and (iv) satisfies the requirements of due process, Rule 23(e)(1) of the Federal Rules of Civil Procedure, and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all applicable laws and rules.  That plan is approved and adopted.  This Court further finds that the form and content of the class notices (attached to the Settlement Agreement as Exhibits 2A and 2B, collectively the "Class Notices"), and the claim forms included as part of the Class Notices and Exhibit 2C (collectively the "Claim Forms"), comply with Rule 23(e)(1) of the Federal Rules of Civil Procedure, are appropriate as part of the notice plan, and are approved and adopted.  The Court orders that the parties provide the notice to the Class as proposed.

6.    The Court hereby orders that the Class Notice in the form attached to the Agreement as Exhibit 2A be sent by facsimile to the last known telephone fax number of each Settlement Class member as reflected in the transmission records produced in discovery.  If the notice cannot be successfully transmitted in three attempts, then it shall be sent by postcard via U.S. mail to reasonably ascertainable mailing addresses.  Additionally, a Summary Notice shall be published one time in USA Today, in the form attached to the Agreement as Exhibit 2B. Class Notices shall be effectuated within fourteen days of entry of this Order. The Summary Notice and Claim Forms shall also be made available on the Claims Administrator's website. The Court finds and orders that no other notice is necessary.

7      The Court approves the retention of Class-Settlement.com as the Claims Administrator to effectuate the plan for notice and the claims process approved and adopted pursuant to the settlement.  The Claims Administrator shall issue the class Notices pursuant to Paragraphs 5 and 6 above, maintain the settlement website, assist putative Settlement Class members who request such assistance to complete and submit Claims Forms, receive the Claim Forms, and provide a list of approved and rejected claims to counsel for the parties.  The Claims Administrator shall determine the validity of claims submitted pursuant to the Claim Form attached as Exhibit 2A by confirming that the claimant completed all required steps set forth in the Claim Form, signed all required verifications, and that the claimant provides information that is consistent with, and appears in, the fax transmission records produced in discovery in the litigation.  The Claims Administrator will determine the validity of claims submitted pursuant to the Claim Form attached as Exhibit 2C by confirming that the claimant completed all required steps set forth in the Claim Form, signed all required verifications, and provided a copy of the fax(es) or fax transmission records establishing that the claimant received one or more faxes. The Claims Administrator will provide copies of all valid and/or accepted Claim Forms to counsel for the requesting Party.  The parties will have the opportunity to review and object to the timeliness and/or validity of the forms during, or at any time within 30 days after the expiration of, the period for submission of same by the Settlement Class members.

8.      The Court hereby sets the following deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the parties to incorporate the deadlines and dates in the Class Notices:

(a)      Objections and motions to intervene (including supporting memoranda) shall be filed in this Court on or before _____, 2018, or be forever

barred;

(b)     Requests by any Settlement Class member to opt out of the settlement must be submitted on or before _____, 2018, or be forever barred;

(c)     Defendant Vertex shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than _____, 2018;

(d)     Claim forms due from Settlement Class members on or before _____, 2018; and

(e)     The Fairness Hearing, identified in the Class Notices, is hereby scheduled for _____, 2018, at _____ a.m./p.m. in Room _____.

10.     Settlement Class members shall be bound by all orders, determinations, and judgments in this action concerning the Settlement, whether favorable or unfavorable, unless such person requests exclusion from the Settlement Class in a timely and proper manner.  A Settlement Class member wishing to make such an exclusion request shall mail the request in written form by first class mail to the addresses specified in the Notices for such exclusions, such that it is postmarked on or before _____.  Any request for exclusion shall include the name of the person requesting the exclusion and their fax number, street address, and the name and number of this case, and it must state that the sender requests to be excluded from the settlement. A request for exclusion shall only be effective if it complies with the requirements set forth in this Paragraph.

11.     Settlement Class members requesting exclusion from the Settlement Class shall not be eligible to receive any payment from the Settlement Fund.

12.     The Court will consider any Settlement Class member's objection to the Class Settlement or any of its terms only if such Settlement Class member has served by hand or mailed his or her written objection and all supporting papers postmarked by _____ on:

| Class Counsel: | Vertex Defendant: |
|---|---|
| Ross M. Good | William T. Hogan III |
| Anderson + Wanca | Nelson Mullins Riley & Scarborough, LLP |
| 3701 Algonquin Road, Suite 500 | One Post Office Square, 30th Floor |
| Rolling Meadows, IL  60008 | Boston, MA  02109 |

The objecting Settlement Class member must also simultaneously file said objection and all supporting materials with the Clerk of the United States District Court, District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston MA 02210.  Any Settlement Class member who does not make his or her objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the settlement or any of its terms, unless the Court orders otherwise, but shall forever be bound by the Judgment to be entered and the releases to be given.  Persons who object to the settlement or any of its terms must appear at the Fairness Hearing and, if they intend to present evidence, must include in their written objections the identity of any witnesses they intend to call and exhibits they intend to introduce into evidence.

11.     Pending the Court's final determination as to whether the settlement should be approved, all proceedings in the action (other than those necessary to effectuate the settlement) shall be stayed and Plaintiff, all Settlement Class members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any claim to be released pursuant to the settlement.

12.     Except as provided for in the Settlement Agreement, neither Defendant Vertex, nor its counsel, nor its insurer, Federal, shall have any responsibility for supervising the Claims Administrator, the issuance of Notices, as provided herein, or claims administration or

processing, the disbursement of payments to claimants, or any application for attorney's fees submitted by Class Counsel, which applications shall be considered separately from the fairness, reasonableness and adequacy of the settlement.

13.     If the class settlement fails to become effective as defined in the Settlement Agreement or is terminated then, in any such event, the Settlement Agreement, including any amendments or modifications thereof, except as expressly provided for in the Settlement Agreement, shall become null and void, of no further force and effect, and without prejudice to any party, and may not be introduced or used in any actions or proceedings by any person or entity against any party, and the parties shall be deemed to have reverted as to their respective litigation positions as of December 11, 2017.

14.  The Court retains exclusive jurisdiction over the action to consider all matters arising out of or concerning the settlement.

                                        BY ORDER OF THE COURT


                                        _____
                                        Honorable Jennifer C. Boal
                                        United States Magistrate Judge
Dated: _____

7

# EXHIBIT 2A

**THIS IS A NOTICE OF A LAWSUIT SETTLEMENT.**
**You may benefit from this. Please read it carefully. You are not being sued.**
**You must timely complete and submit a Proof of Claim (attached) to receive a settlement check.**

---

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., An Ohio corporation, individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> VERTEX PHARMACEUTICALS INCORPORATED and TACTICAL ADVANTAGE GROUP, LLC <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 1:15-cv-11517 |

**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT WITH ATTACHED CLAIM FORM**

TO:  "All persons or entities in the United States who were successfully sent one or more unsolicited facsimiles inviting recipients to an "interactive meeting presented via satellite" on June 9, 2011, and stating "Incivek:  A Change in the Treatment Paradigm" and "NEW INCIVEK (telepravir) tablets….""

**A.   WHY HAVE YOU RECEIVED THIS NOTICE?** This Notice is being sent to you to advise you of the proposed settlement of the above-referenced class action lawsuit pending in United States District Court for the District of Massachusetts.  Your fax number was identified in fax transmission records indicating that you may have received one or more of the alleged unsolicited fax advertisements at issue in the lawsuit, which concern a June 9, 2011 program for health care professionals relating to a treatment for the hepatitis C virus titled "Incivek: A Change in the Treatment Paradigm."  Therefore, you may be a member of the Settlement Class defined above. This Notice explains the nature of the lawsuit and the settlement terms and informs you of your legal rights and obligations.

**B.   WHAT IS THIS LAWSUIT ABOUT?** Physicians Healthsource, Inc. ("Plaintiff") filed this class action lawsuit against Vertex Pharmaceuticals Incorporated and Tactical Advantage Group, LLC ("Defendants") alleging that they violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by sending to the Settlement Class faxes concerning the June 9, 2011 program referenced above.  Plaintiff alleges that the faxes were "unsolicited advertisements" prohibited by the TCPA.  Defendants deny Plaintiff's allegations and have raised defenses.  The parties have agreed to settle all claims about the alleged advertising faxes (the "Claims").  This notice informs you of the rights of members of the Settlement Class defined above.

**C.   WHAT IS THE PROPOSED SETTLEMENT?** Without admitting any fault, wrongdoing, or liability, and in exchange for a release of all claims against it regarding these faxes, Defendant Vertex's insurer, Federal Insurance Company, has agreed to make up to $4,750,000.00 (the "Settlement Fund") available to pay those class members who submit a timely and valid claim form (attached), and, subject to the approval of the Court, to pay an incentive award to Plaintiff for serving as the class representative, and to pay attorney's fees and costs to Plaintiff's attorneys. Each Settlement Class Member who submits an approved claim will be mailed a check for their pro rata share of the Settlement Fund, up to $500.00 per fax for each fax successfully sent to them per the

records in the litigation. The Court has preliminarily approved this settlement, subject to a fairness hearing that will occur on _____, 2018, at _____ a.m./p.m, in Courtroom 14 of the United States District Court, District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston MA 02210.  The Court has directed that this Notice be provided to potential Settlement Class Members.

**D.**   **WHAT CAN YOU DO NOW? YOU HAVE FOUR OPTIONS.**

**1.**   **Submit a Proof of Claim (attached) to receive a check:** You must complete and submit a signed Claim Form postmarked, faxed, or submitted electronically within sixty (60) days after this Notice is sent (on or before _____) to be eligible to receive a settlement check.

**2.**   **Do nothing.** You will be bound by the judgment and, if the Court approves the settlement, you will release any Claims you may have relating to this matter, which means you will no longer have any right to sue Defendant Vertex concerning the Claims, but you will not receive a settlement check if you do not submit a Claim Form.

**3.**   **Opt out of the settlement:** You have the right to exclude yourself from the class action and the settlement by mailing a written request for exclusion. By excluding yourself from the settlement, you will not release any right you may have to sue Defendant Vertex concerning the Claims as a result of the settlement.  Your request must be postmarked on or before __<45 days>__, 2018, and it must list your name, fax number, street address, and the name and number of this case, and it must state that you wish to be excluded (for example, "Exclude me from the Vertex Settlement."). Mail your exclusion request to Class Counsel and counsel for Defendant Vertex at the addresses below.

Class Counsel:                          Defendant Vertex:
Ross M. Good                            William T. Hogan III
Anderson + Wanca                        Nelson Mullins Riley & Scarborough, LLP
3701 Algonquin Road, Suite 500          One Post Office Square, 30th Floor
Rolling Meadows, IL  60008              Boston, MA  02109

**4.**   **Object to the settlement in writing.** If you object to the settlement, and wish to file an objection rather than simply excluding yourself from the class action, you must submit your objection in writing to the Clerk of the United States District Court, District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston MA 02210. Your objection must be postmarked by __<45 days>__, 2018. You must also serve copies of your objection and any supporting memoranda or materials on Class Counsel and counsel for Defendant Vertex postmarked by the same date at the addresses above.

Any objection must include your name, fax number, street address, all attorneys who assisted you in the preparation and filing of your objection, a list of all other class action cases in which you or your counsel have filed objections to settlements, and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the Settlement Class.  It is not enough to say that you object; you must state the reasons why you believe the Court should not approve the settlement. You may also appear at the final approval hearing on _____, 2018.

Note that the Court may change any of the above deadlines, for good cause shown.

**E.**   **WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** The Court will hold a final fairness hearing to decide whether to approve the settlement on _____, 2018, at _____ a.m./p.m., in Room 14 in the United States District Court for Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston MA 02210. At

that hearing, the Court will hear any timely and properly-filed objections and arguments about the settlement. The hearing may be continued to a future date without further notice.  **You do not need to attend this hearing unless you object**.  If the Court does not approve the settlement, the case will proceed as if no settlement has been attempted. If the settlement is not approved, there is no assurance that the Settlement Class will recover more than is provided in the settlement, or recover anything at all.

**F.      WHO REPRESENTS THE SETTLEMENT CLASS?** The Court appointed Plaintiff, Physicians Healthsource, Inc., to be the "Class Representative" and appointed Plaintiff's attorneys, Ross M. Good of Anderson + Wanca and Alan L. Cantor of Swartz & Swartz to be "Class Counsel." Attorneys have litigated this matter on a contingency basis.  At the fairness hearing, Class Counsel will request that the Court approve the payment of an incentive award of $15,000.00 from the Settlement Fund to Physicians Healthsource, Inc. for its services on behalf of the Settlement Class in this litigation. Additionally, Class Counsel will request that the Court award it attorney's fees equal to one third of the total Settlement Fund, plus the out-of-pocket litigation expenses it incurred in this litigation and in the claims administration process up to $90,000, all to be paid from the Settlement Fund.  You will not have to pay any money to Class Counsel.

**G.      HOW DO I OBTAIN MORE INFORMATION ABOUT THE LAWSUIT OR THE SETTLEMENT?**

This description of the case is general and does not cover all of the issues and proceedings in the case. To see the complete file, including a copy of the settlement agreement, you may visit the office of the Clerk of the United States District Court, District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston MA 02210. The Clerk will make the files relating to the lawsuit available to you for inspection and copying at your own expense.   You may also access these materials electronically at your own expense at pacer.gov.

If you have specific questions, you can write to Class Counsel at the address above. Include the case number, your name, your fax number, and your telephone number. Or, you may call Class Counsel Ross M. Good's office at 855-827-2329.

Please do not contact the Clerk of the Court, the Judge, or the Judge's staff, because they cannot answer your questions or give you advice about this settlement.

**BY ORDER OF THE COURT**
**HONORABLE JENNIFER C. BOAL**

**PROOF OF CLAIM**

**[For Claimants with one or more Fax Numbers Listed Among the 8,809 in the Transmission Records]**
**Physicians Healthsource, Inc. v. Vertex Pharmaceuticals Incorporated --  Case No. 1:15-cv-11517-JCB**

*You Must **Complete Steps 1, 2 and 4 – and Step 3 only if it applies** – to Claim a Share of the Settlement Fund*:

**1.**     **You Must Provide Your Contact Information.**

Name:  _____

Company:  _____

Address:  _____

Telephone No.: _____ Email: _____

City/State/Zip Code:  _____

Fax Number(s):  _____
               [List all numbers operational in June, 2011.  You may attach a separate sheet.]

**2.**     **You Must Verify Ownership of the Fax Number(s) Listed in #1 above:**

(a)     I declare under penalties of perjury, that the fax number(s) identified above or attached to this claim form was/were mine or my company's during June, 2011; that the fax number(s) was/were operational at the time.

_____
(Sign your name here)

**OR**

(b)     I declare under penalties of perjury, that the fax number(s) identified above or attached to this claim form was **not**/were **not** mine or my company's during June, 2011." [If possible, please explain when you obtained the fax number(s) identified above or attached to this claim form]:

_____
_____
_____

_____
(Sign your name here)

**3.**     **If you received more than 1 fax (optional):**  If you are claiming that you received more than 1 fax from Defendant, attach the faxes or fax transmission record showing your receipt of more than 1 fax.  I declare under penalties of perjury that I have received ___ faxes.

_____
(Sign your name here)

4.      **You Must Return this Claim Form by [60 days]_, 2018:**

a.      Fax this Claim Form to:  <u><fax number for claims ></u>

   ***OR***

b.      Mail this Claim Form to:  [CLAIMS ADMINISTRATOR]

   ***OR***

c.      Submit this claim form electronically at **[website]**

# EXHIBIT 2B

**Proposed Short-Form Publication Notice**

## NOTICE OF CLASS ACTION SETTLEMENT

**To All Members Of The Following Settlement Class:**

> All persons or entities in the United States who were successfully sent one or more unsolicited facsimiles inviting recipients to an "interactive meeting presented via satellite" on June 9, 2011, and stating "Incivek:  A Change in the Treatment Paradigm, and "NEW INCIVEK (telepravir tablets)...."

This notice informs you of a settlement of a class action lawsuit brought by Physicians Healthsource, Inc. in which Plaintiff alleges that Defendants Vertex Pharmaceuticals Incorporated ("Vertex") and Tactical Advantage Group LLC violated the Telephone Consumer Protection Act by sending allegedly unsolicited fax advertisements relating to the June 9, 2011 program referenced above. Vertex denies any wrongdoing and any liability.  The facsimiles were sent to targeted physicians and other health care practitioners who may deal in the treatment of hepatitis C.  If you qualify as a member of the Settlement Class and can establish that you received one or more of the faxes if you are not listed in the list of 8,809 fax numbers provided in discovery, you may be entitled to receive a statutory damages award of up to $500 per fax.

This is only a summary of the Notice which provides more detailed information regarding the Lawsuit and the rights and responsibilities of Settlement Class Members.  You may obtain a copy of the Notice and Proof of Claim by contacting Settlement Administrator [administrator name] at [settlement administrator name, address, phone] and referencing the Vertex Settlement.

**What Are My Options?**

If you qualify as a member of the Settlement Class (defined above) you have the choice of (1) remaining in the class and submitting a Proof of Claim available from the Settlement Administrator; or (2) excluding yourself from the class pursuant to the instructions available from the Claims Administrator.  If you are a member of the Settlement Class and do nothing, you will not receive a settlement check but will nevertheless be bound by any judgment entered and will any release claims you may have against Defendant relating to the alleged advertising faxes. You may also submit a written objection and/or appear at the Final Fairness Hearing, scheduled for _____, 2018, at _____ a.m. in Room ____ of the John Joseph Moakley U.S. Courthouse.  Each choice has certain risks and consequences.  If you object to the settlement, you must identify yourself as a putative class member by submitting proof that you received one or more of the faxes, identify your fax number, your street address, all attorneys who assisted you in the preparation and filing of your objection, a list of all other class action cases in which you or your counsel have filed objections to settlements, and reasons for the objection, file your objection with the Clerk of the District Court, serve your objection pursuant to instructions available from the Claims Administrator, and you must appear in Court at the hearing on _____, 2018 at _____a.m. in Room _____.

**Additional Information.** You may seek guidance from your own attorney at your expense, if you desire. To obtain detailed information concerning this settlement, or obtain a Proof of Claim Form, you may contact the Settlement Administrator. You may also inspect and copy

documents related to Case Number <u>1:15-cv-11517-JCB</u> at your own expense online at pacer.gov or at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210.

# EXHIBIT 2C

## PROOF OF CLAIM

**[For Claimants with one or more Fax Numbers Not Listed Among the 8,809 in the Transmission Records]**
**Physicians Healthsource, Inc. v. Vertex Pharmaceuticals Incorporated -- Case No. 1:15-cv-11517-JCB**

*You Must Complete All **FOUR** Steps to Claim a Share of the Settlement Fund:*

1. **You Must Provide Your Contact Information.**

   Name: _____

   Company: _____

   Address: _____

   Telephone No.: _____ Email: _____

   City/State/Zip Code: _____

   Fax Number(s): _____
   [List all numbers operational during June 2011.  You may attach a separate sheet.]

2. **You Must Attach Fax(es) or Fax Transmission Record(s)**

   Attach each fax or fax transmission record you have to show that you received one or more unsolicited faxes in June, 2011, concerning the June 9, 2011 program titled "Incivek: A Change in the Treatment Paradigm."

3. **You Must Verify Ownership of the Fax Number(s) Listed in #1 above and Verify Receipt:**

   I declare under penalties of perjury that the fax number(s) identified above or attached to this claim form was/were mine or my company's during June, 2011; that such fax number(s) was/were operational in June, 2011; and that I received a fax concerning the June 9, 2011 program titled "Incivek: A Change in the Treatment Paradigm."

   _____
   (Sign your name here)

4. **You Must Return this Claim Form by [60 days]__, 2018:**

   a.      Fax this Claim Form to:  <u><fax number for claims ></u>

   ***OR***

   b.      Mail this Claim Form to:  [CLAIMS ADMINISTRATOR]

   ***OR***

   c.      Submit this claim form electronically at **[website]**

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the putative representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>VERTEX PHARMACEUTICALS INCORPORATED, TACTICAL ADVANTAGE GROUP, LLC and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 1:15-cv-11517-JCB |

## [PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

The matter coming before the Court on the request for final approval of the class action settlement by plaintiff, Physicians Healthsource, Inc. ("Plaintiff"), and defendant Vertex Pharmaceuticals Incorporated (Vertex or "Defendant"), due notice given, the parties appearing through counsel, and the Court fully advised in the premises, **IT IS HEREBY ORDERED**:

1.      This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Stipulation and Settlement Agreement ("Settlement Agreement"), is hereby finally approved as a fair, reasonable and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

3.      The Settlement Class is defined as follows: "All persons or entities in the United States who were successfully sent one or more unsolicited facsimiles inviting recipients to an 'interactive meeting presented via satellite' on June 9, 2011, and stating 'Incivek:  A Change in the Treatment Paradigm' and 'NEW INCIVEK (telepravir) tablets….'  Excluded from the Settlement Class are Defendant, including any and all parents, subsidiaries, affiliates or controlled persons of Defendant, Vertex's insurer, Federal Insurance Company ("Federal"), and non-settling defendant Tactical Advantage Company LLC ("Tactical"), as well as the officers, directors, members, managers, agents, servants, and employees of Vertex, Federal, and Tactical and the immediate family members of such persons.

4.      The Court finds that the Settlement Agreement was entered into in good faith following arm's-length negotiations between experienced counsel representing the interests of the Plaintiff, the Settlement Class, and Defendant Vertex.

5.      Upon the Declaration of _____, the Court finds that the notice provided to the Settlement Class members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

6.      Upon the Declaration of _____, the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

7.      ____ members of the Settlement Class filed objections to the settlement.  The Court has considered each of these objections carefully and overrules them.

8.      The following persons requested exclusion from the Settlement Class and the settlement and are hereby excluded: _____.

9.      After due consideration of, among other things, the benefits to the Settlement Class members and the uncertainty about the likelihood of:  (a) the Class's ultimate success on the merits;

2

(b) the range of the Class's possible recovery; (c) the complexity, expense, and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; and (f) all written submissions, declarations and arguments of counsel; and, after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable, and in the best interests of the Settlement Class.  This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable.   Accordingly, this settlement should be and is APPROVED and shall be consummated in accordance with the terms and provisions of the Settlement Agreement and shall govern all issues regarding the settlement and all rights of the parties, including the Class Members.  Each Class Member (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

10.     Defendant Vertex and Federal have made available a settlement fund (the "Settlement Fund") to pay valid Class Member claims, class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff as determined and awarded by this Court.  Unclaimed monies in the Settlement Fund shall be kept by or returned to Vertex and Federal.

11.     As agreed in and subject to the Settlement Agreement, each member of the Settlement Class who submitted a timely and valid Claim Form will be mailed a check in the amount of $500.00 per fax from the Settlement Fund, subject only to a *pro rata* reduction if after payment of incentive award, fees and expenses, and administrative costs the total amount exceeds the Settlement Fund.  The Claims Administrator will cause those checks to be mailed after

3

receiving the Settlement Funds.  Checks issued to the claiming Settlement Class members will be void 91 days after issuance.

12.     The Court expressly adopts and incorporates herein all of the terms of the Settlement Agreement.  The parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

13     This action, including all claims against Vertex asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class Members against Defendants, is hereby dismissed with prejudice and without taxable costs to any party.

14.     The Court finds that the distribution and publication of the Notices to putative Settlement Class members: (i) constituted the best notice practicable under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class members of the settlement, the effect of the settlement (including the releases therein), and their right to exclude themselves from the Settlement or object to the terms of the settlement (and appear at the Final Approval Hearing); (iii) constituted due and sufficient notice of the settlement to all reasonably identifiable persons entitled to receive such notice; and (iv) satisfied the requirements of due process, Rule 23(e)(1) of the Federal Rules of Civil Procedure, and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all applicable laws and rules.

15     Upon payment of all monies due pursuant to the Settlement Agreement, all claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement and incorporated herein.  All persons and entities are enjoined from asserting any claims that are being

4

settled or released herein, either directly or indirectly, against Defendants in this Court or any other court or forum.

16.     Notwithstanding Paragraph 15 above, nothing herein shall bar any action by the parties to enforce or effectuate the Settlement or this Order, or any action by Vertex, Federal, or their assignees for indemnification, contribution or breach of contract against defendant Tactical or any party related to Tactical.

17.     If (a) the Settlement Agreement is terminated or rescinded pursuant to its terms, or (b) the Settlement Agreement or this Final Approval Order do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated.  If the Settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order shall be void and be deemed vacated.

18.     This Order and Settlement Agreement may not be construed, in whole or in part, as an admission of fault or liability to any person by any of the Releasees, nor shall this Order and Settlement Agreement, or any part thereof, be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing of any kind by any of the Releasees, except that nothing in this Paragraph shall affect the admissibility of this Order and Settlement Agreement, or any of their terms, in any action or proceeding (1) to effectuate the terms of this settlement; or (2) relating to any claim for breach of contract, contribution, indemnification, or any similar cause of action or request for relief brought by Vertex, Federal, or any of their assignees against Tactical or any party related to Tactical.

19.     The Court retains jurisdiction over this action, Plaintiff and all members of the Settlement Class, and Vertex, to determine all matters relating in any way to this Final Approval

Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement.  The Court further retains jurisdiction to enforce this Order.

20.    A separate order shall be entered regarding Class Counsel's petition for attorney's fees and expenses and Plaintiff's petition for an incentive award.  Such orders shall not disturb or affect any of the terms of this Order.

21.    Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out the provisions of the Settlement Agreement.

22.    The Court finds that there is no just reason to delay the enforcement of this Final Approval Order.

BY ORDER OF THE COURT

Dated:  _____         _____
                                 Honorable Jennifer C. Boal
                                 United States Magistrate Judge