UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the putative representative of a class of similarly-situated persons,<br><br>      Plaintiff,<br><br>      v.<br><br>VERTEX PHARMACEUTICALS INCORPORATED, TACTICAL ADVANTAGE GROUP, LLC and JOHN DOES 1-10,<br><br>      Defendants. | Civil Action No. 1:15-cv-11517-JCB |

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

The matter coming before the Court on the request for final approval of the class action settlement by plaintiff, Physicians Healthsource, Inc. ("Plaintiff"), and defendant Vertex Pharmaceuticals Incorporated (Vertex or "Defendant"), due notice given, the parties appearing through counsel, and the Court fully advised in the premises, **IT IS HEREBY ORDERED**:

  1.  This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

  2.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Stipulation and Settlement Agreement ("Settlement Agreement"), is hereby finally approved as a fair, reasonable and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

1

3. The Settlement Class is defined as follows: "All persons or entities in the United States who were successfully sent one or more unsolicited facsimiles inviting recipients to an 'interactive meeting presented via satellite' on June 9, 2011, and stating 'Incivek: A Change in the Treatment Paradigm' and 'NEW INCIVEK (telepravir) tablets….'  Excluded from the Settlement Class are Defendant, including any and all parents, subsidiaries, affiliates or controlled persons of Defendant, Vertex's insurer, Federal Insurance Company ("Federal"), and non-settling defendant Tactical Advantage Company LLC ("Tactical"), as well as the officers, directors, members, managers, agents, servants, and employees of Vertex, Federal, and Tactical and the immediate family members of such persons.

4. The Court finds that the Settlement Agreement was entered into in good faith following arm's-length negotiations between experienced counsel representing the interests of the Plaintiff, the Settlement Class, and Defendant Vertex.

5. Upon the Declaration of Dorothy Sue Merryman, the Court finds that the notice provided to the Settlement Class members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

6. Upon the Affidavit of Nolan Mitchell (Doc. 185), the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

7. No members of the Settlement Class filed objections to the settlement.

8. No members of the Settlement Class requested exclusion from the Settlement Class.

9. After due consideration of, among other things, the benefits to the Settlement Class members and the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense, and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings

at which the settlement was achieved; and (f) all written submissions, declarations and arguments of counsel; and, after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable, and in the best interests of the Settlement Class.  This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable.  Accordingly, this settlement should be and is APPROVED and shall be consummated in accordance with the terms and provisions of the Settlement Agreement and shall govern all issues regarding the settlement and all rights of the parties, including the Class Members.  Each Class Member (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

10. Defendant Vertex and Federal have made available a settlement fund (the "Settlement Fund") to pay valid Class Member claims, class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff as determined and awarded by this Court.  Unclaimed monies in the Settlement Fund shall be kept by or returned to Vertex and Federal.

11. As agreed in and subject to the Settlement Agreement, each member of the Settlement Class who submitted a timely and valid Claim Form will be mailed a check in the amount of $500.00 per fax from the Settlement Fund.  The Claims Administrator will cause those checks to be mailed after receiving the Settlement Funds.  Checks issued to the claiming Settlement Class members will be void 91 days after issuance.

12. The Court expressly adopts and incorporates herein all of the terms of the Settlement Agreement.  The parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

13. This action, including all claims against Vertex asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class Members against Defendants, is hereby dismissed with prejudice and without taxable costs to any party.

14. The Court finds that the distribution and publication of the Notices to putative Settlement Class members: (i) constituted the best notice practicable under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class members of the settlement, the effect of the settlement (including the releases therein), and their right to exclude themselves from the Settlement or object to the terms of the settlement (and appear at the Final Approval Hearing); (iii) constituted due and sufficient notice of the settlement to all reasonably identifiable persons entitled to receive such notice; and (iv) satisfied the requirements of due process, Rule 23(e)(1) of the Federal Rules of Civil Procedure, and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all applicable laws and rules.

15. Upon payment of all monies due pursuant to the Settlement Agreement, all claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement and incorporated herein. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendants in this Court or any other court or forum.

16. Notwithstanding Paragraph 15 above, nothing herein shall bar any action by the parties to enforce or effectuate the Settlement or this Order, or any action by Vertex, Federal, or their assignees for indemnification, contribution or breach of contract against defendant Tactical or any party related to Tactical.

17. If (a) the Settlement Agreement is terminated or rescinded pursuant to its terms, or (b) the Settlement Agreement or this Final Approval Order do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the Settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order shall be void and be deemed vacated.

18. This Order and Settlement Agreement may not be construed, in whole or in part, as an admission of fault or liability to any person by any of the Releasees, nor shall this Order and Settlement Agreement, or any part thereof, be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing of any kind by any of the Releasees, except that nothing in this Paragraph shall affect the admissibility of this Order and Settlement Agreement, or any of their terms, in any action or proceeding (1) to effectuate the terms of this settlement; or (2) relating to any claim for breach of contract, contribution, indemnification, or any similar cause of action or request for relief brought by Vertex, Federal, or any of their assignees against Tactical or any party related to Tactical.

19. The Court retains jurisdiction over this action, Plaintiff and all members of the Settlement Class, and Vertex, to determine all matters relating in any way to this Final Approval Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement. The Court further retains jurisdiction to enforce this Order.

20. A separate order shall be entered regarding Class Counsel's petition for attorney's fees and expenses and Plaintiff's petition for an incentive award. Such orders shall not disturb or affect any of the terms of this Order.

21. Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out the provisions of the Settlement Agreement.

22. The Court finds that there is no just reason to delay the enforcement of this Final Approval Order.

                                      BY ORDER OF THE COURT

Dated: September 17, 2018          /s/ Jennifer C. Boal
                                          Honorable Jennifer C. Boal
                                          United States Magistrate Judge