UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the putative representative of a class of similarly-situated persons,<br><br>      Plaintiff,<br><br>      v.<br><br>VERTEX PHARMACEUTICALS INCORPORATED, TACTICAL ADVANTAGE GROUP, LLC and JOHN DOES 1-10,<br><br>      Defendants. | Civil Action No. 1:15-cv-11517-JCB |

ORDER ON PLAINTIFF'S PETITION FOR AN AWARD OF ATTORNEY'S FEES, REIMBURSEMENT OF EXPENSES AND NAMED PLAINTIFF'S INCENTIVE AWARD
[Docket No. 199]

March 21, 2019

Boal, M.J.

  Class counsel seeks an award of attorney's fees in the amount of $1,583,333.33, expenses in the amount of $90,000, and an incentive award of $15,000 for Physicians Healthsource, Inc. ("PHI"), the class representative, as reasonable compensation for obtaining the settlement in this class action. Docket No. 199. For the following reasons, this Court grants in part the motion and awards attorney's fees in the amount of $1,330,000, expenses in the amount of $40,893.58 and an incentive award in the amount of $15,000.

A.  RELEVANT BACKGROUND

  On April 6, 2015, PHI filed this action, alleging violations of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227

1

(the "TCPA").  Docket No. 1.  Specifically, PHI alleges that four faxes it received from the defendants inviting it to a June 9, 2011 seminar regarding Vertex's drug Incivek constitute "unsolicited advertisements" in violation of the TCPA.  PHI also filed a motion for class certification.  Docket No. 2.

On June 11, 2015, the Defendants filed a motion to dismiss the complaint, Docket No. 19, which Judge Young denied on October 30, 2015.  Docket No. 37.

On November 19, 2015, the parties consented to the jurisdiction of a magistrate judge for all purposes, Docket No. 45, and the case was reassigned to the undersigned.  Docket No. 46.  This Court denied the motion to certify the class without prejudice, Docket No. 58, and issued a scheduling order.  Docket No. 60.

The parties engaged in substantial discovery, including the production of thousands of pages of documents and conducting a number of depositions.  Docket No. 199 at 2-3; Docket No. 199-2 at 4.  The parties also filed cross-motions for summary judgment, which this Court denied on March 28, 2017.  Docket Nos. 72, 75, 79, 125.

This Court set a class discovery deadline of August 14, 2017.  Docket No. 134.  It also set September 14, 2017 as the deadline for filing motions for class certification.  Id.  Those deadlines were subsequently extended several times as the parties requested additional time in order to attempt to settle the case.  See Docket Nos. 137, 139, 142, 143, 144, 145, 146, 147, 148, 149.  The parties engaged in mediation before Judge Neel.  Docket No. 199 at 4.

On November 22, 2017, PHI filed a motion for class certification.  Docket No. 150.  However, the parties continued to engage in settlement negotiations and, on December 18, 2017, they filed a motion to stay the case for forty-five days to allow them time to finalize a settlement agreement, Docket No. 157, which this Court granted.  Docket No. 158.

In February 2018, the parties entered into a settlement agreement. Among other things, the settlement agreement provided for certification of class consisting of:

> All persons or entities in the United States who were successfully sent one or more unsolicited facsimiles inviting recipients to an 'interactive meeting presented via satellite' on June 9, 2011, and stating 'Incivek: A Change in the Treatment Paradigm' and "NEW INCIVEK (telapravir) tablets . . ."

Docket No. 197-1 at 5. The settlement agreement also provided for the creation of a common fund of $4,750,000 to pay valid class member claims, to pay an incentive award to PHI, to pay attorney's fees and reasonable litigation expenses, and to pay for the costs and expenses associated with claims administration, as approved by the Court. Id. at 6.

On February 2, 2018, PHI filed a motion seeking preliminary approval of the parties' settlement agreement. Docket No. 159. Defendant Tactical Advantage Group, LLC ("TAG") filed a limited opposition to the motion, objecting to PHI and Vertex's proposal to dismiss it from the case without prejudice. Docket No. 165.

This Court held a preliminary approval hearing on March 14, 2018. Docket No. 175. It held a further hearing on May 1, 2018. Docket No. 181. This Court granted preliminary approval on May 30, 2018. Docket No. 194.

After notice to the class members and an opportunity to object or opt-out, this Court held a final fairness hearing on September 12, 2018. Docket No. 202. On September 17, 2018, this Court entered an order certifying the class and approving the settlement. Docket No. 203.

B.   ANALYSIS

PHI and its counsel seek an award of attorney's fees in the amount of $1,583,333.33, expenses in the amount of $90,000, and an incentive award of $15,000 to PHI.

1.        Attorney's Fees

Attorneys in a certified class action may be awarded reasonable fees and costs, subject to the wide discretion of the trial judge. Fed. R. Civ. P. 23(h); In re Thirteen Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 305 (1st Cir. 1995). The district court has discretion to award fees in a common fund case, such as this one, "either on a percentage of the fund basis or by fashioning a lodestar." In re Thirteen Appeals, 56 F.3d at 307. Under the percentage of the fund ("POF") method, counsel may be awarded a reasonable percentage of the common fund. Id. at 305, 307. The First Circuit has noted that the POF method has certain distinct advantages over the lodestar method. Id. at 307. Among other things, the POF method is often less burdensome to administer than the lodestar method and it enhances efficiency. Id. In addition, "because the POF technique is result-oriented rather than process-oriented, it better approximates the workings of the marketplace." Id.

"The POF method is preferred in common fund cases because it allows courts to award fees from the funds in a manner that rewards counsel for success and penalizes it for failure." In re Cabletron Sys., Inc. Sec. Litig., 239 F.R.D. 30, 37 (D.N.H. 2006) (internal quotation marks and citations omitted). Accordingly, the Court will apply the POF method in this case.

The First Circuit has not recognized a particular set of factors for use in assessing the reasonableness of a fee request. Id. Nevertheless, courts in this district have considered a variety of factors, including (1) the reaction of class members to the settlement and proposed attorney's fees; (2) the skill and efficiency of the attorneys involved; (3) the complexity and duration of the litigation; (4) the risk that the litigation will be unsuccessful; (5) the amount of time devoted to the case by counsel; and (6) the extent of the benefit obtained. In re TJX Cos. Retail Sec. Breach Litig., 584 F. Supp. 2d 395, 401 (D. Mass. 2008) (citations omitted).

Here, PHI's counsel seeks an award of attorney's fees equal to 33.33% of the settlement fund. PHI argues that this percentage falls squarely within the amount approved by Massachusetts and nationwide courts in similar TCPA cases. Docket No. 199 at 13. However, the amount requested appears to be in the upper limit of what is considered reasonable. See, e.g., Bezdek v. Vibram USA, Inc., 79 F. Supp. 3d 324, 349-350 (D. Mass. 2015) ("Within the First Circuit, courts generally award fees 'in the range of 20-30%, with 25% as 'the benchmark.'"); In re Cabletron Sys., Inc. Sec. Litig., 239 F.R.D. at 41 (noting that a study found that, on average, attorney's fees and expenses in class actions equal 18.4% of the settlement fund); In re Capital One Telephone Consumer Protection Act Litig., 80 F. Supp. 3d 781, 799 (N.D. Ill. 2015) (noting that in 73 TCPA class action settlements approved since 2010 where the recovery ranged from $4.6 million to $7 million, the average fee equaled 24.1 % of the settlement fund and the median fee equaled 25% of the settlement fund). But see Hashw v. Dep't Stores Nat'l Bank, 182 F. Supp. 3d 935, 950 (D. Minn. 2016) (noting that counsel's request for attorney's fees equal to one third of settlement fund "falls in line with awards in several other cases involving TCPA class-action settlements.").

Here, no class members objected to the settlement or the requested fees; this Court is satisfied with the quality of class counsel; and counsel spent over 1,500 hours in this matter with a lodestar value of $807,148.16. Docket No. 197-3 at 2; Docket No. 199-2 at 3-5, 7-12. In addition, as a result of the settlement, class members who submitted a claim will receive the full amount of statutory fees they would be entitled to if they had filed a lawsuit against the Defendants.

On the other hand, class counsel overstate the extent of the benefit obtained as it relates to the class as a whole. Class counsel state that the settlement in this case is the "largest TCPA

recovery in District of Massachusetts history." Docket No. 199 at 13.  However, only approximately 8% of class members made a timely claim and, therefore, the total amount paid to class members will be approximately $351,000.  Docket No. 211 at 8-9.  Thus, class counsel stands to receive more than four times the amount of money that will be received by clients in whose name the suit was brought.

In balancing these considerations, this Court finds that an attorney's fee award in the amount of 28% of the settlement fund is reasonable in this case.  This amount is more in line with the percentages approved in this Circuit but slightly higher than the 25% benchmark in order to account for the complexity of the case and the results achieved for individual class members who elected to file a claim.  Accordingly, the Court awards class counsel fees in the amount of $1,330,000.

2. <u>Expenses</u>

Class counsel states that they incurred actual expenses of $99,424.58 in this case, <u>see</u> Docket No. 209, but are seeking reimbursement of only $90,000, pursuant to the parties' settlement agreement.  Docket No. 199-2 at 5.[1]  The listed expenses include travel, filing fees, service fees, document production, expert witness fees, deposition expenses, subpoena expenses, and legal research.  After review of these expenses and the backup documentation, the Court finds that PHI has not shown entitlement to be reimbursed for its expert fees and its Class-settlement.com fees.

PHI seeks $40,676.00 in expert fees.  With respect to Hooper, Lundy & Bookman, PHI has not provided sufficient documentation to support expert fees.  It has provided a letter dated

---

[1] Originally, class counsel indicated that its actual expenses were $109,524.75.  Docket No. 199-2 at 5.  Later, class counsel stated that it had overestimated travel expenses and, therefore, its actual expenses totaled $99,424.58.  Docket No. 209 at 2, n. 1.

May 8, 2017 explaining the nature of the engagement, the hourly rate, and the amount of the retainer.  Docket No. 221-1.  PHI has provided no invoices or any other proof that the retainer and other fees were actually paid.

PHI also seeks reimbursement for $30,120 in fees paid to Michael David Rosenberg, who provided an opinion regarding the reasonableness of class counsel's fee petition.  This Court finds that these fees are not reasonable litigation expenses.

Finally, the Court finds that the documentation submitted to support PHI's Class-settlement.com fees is insufficient.  PHI has submitted a quote.  Docket No. 221-2.  There is no evidence that those were the actual fees incurred or that PHI has actually paid them.

This Court has reviewed the remaining expenses and the backup documentation and finds them to be reasonable.  Accordingly, this Court grants PHI expenses in the amount of $40,893.58.

    3.    <u>Incentive Award</u>

Finally, PHI requests an incentive award of $15,000.  "Incentive awards serve to promote class action settlements by encouraging named plaintiffs to participate actively in the litigation in exchange for reimbursement for their pursuits on behalf of the class overall."  <u>Bezdek</u>, 79 F. Supp. 3d at 352 (citations omitted).  Factors bearing on whether to approve an incentive award include:

> 1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation and; 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

<u>In re Puerto Rican Cabotage Antitrust Litig.</u>, 815 F. Supp. 2d 448, 468-469 (D.P.R. 2011) (citation omitted).

Here, PHI devoted a substantial amount of time preparing this matter for litigation, responding to seven sets of written discovery, sitting for depositions (two principals and three employees were deposed), and overseeing major case activities, such as settlement negotiations. Docket No. 199 at 15.  Therefore, the Court finds that the requested $15,000 incentive award is reasonable under the circumstances.

C.    ORDER

For the foregoing reasons, the Court grants PHI's motion for attorney's fees, expenses, and an incentive award in part and awards attorney's fees in the amount of $1,330,000, expenses in the amount of $40,893.58 and an incentive award in the amount of $15,000.

  /s/  Jennifer C. Boal
Honorable Jennifer C. Boal
United States Magistrate Judge