UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the putative representative of a class of similarly-situated persons,

      Plaintiff,

     v.

VERTEX PHARMACEUTICALS INCORPORATED, TACTICAL ADVANTAGE GROUP, LLC and JOHN DOES 1-10,

      Defendants.

Civil Action No. 1:15-cv-11517-JCB

ORDER ON MOTION FOR CLARIFICATION
[Docket No. 224]

March 22, 2019

Boal, M.J.

  Plaintiff Physicians Healthsource, Inc. ("PHI") has filed a motion for "clarification" of this Court's order dated March 21, 2019. Docket No. 224. For the following reasons, the motion is denied.

  On September 7, 2018, PHI filed a petition for an award of attorney's fees in the amount of $1,583,333.33, expenses in the amount of $90,000, and an incentive award of $15,000 to PHI. Docket No. 199. PHI provided no backup documentation for its request for expenses. Therefore, on September 19, 2018, this Court ordered PHI to provide backup documentation if it wished the Court to consider its request for expenses. Docket No. 206. PHI asked for an

extension of the deadline set to do so, Docket No. 207, which this Court granted.  Docket No. 208.

On October 5, 2018, PHI filed documentation in support of its request for expenses.  Docket No. 209.  On November 16, 2018, this Court held a hearing on several issues, including PHI's request for reimbursement of expenses.  Among other things, this Court questioned the sufficiency of the backup documentation regarding the retainer and fees paid to Hooper, Lundy & Bookman and the fees paid to Class-Settlement.com.  See Docket No. 218 at 9, 10, 12.  Despite that notice, PHI submitted nothing further to support its claim for reimbursement for those expenses.

On March 21, 2019, this Court issued an order granting in part and denying in part PHI's request for attorney's fees and expenses.  Docket No. 222.  In relevant part, this Court found that:

> PHI seeks $40,676.00 in expert fees.  With respect to Hooper, Lundy & Bookman, PHI has not provided sufficient documentation to support expert fees.  It has provided a letter dated May 8, 2017 explaining the nature of the agreement, the hourly rate, and the amount of the retainer.  Docket No. 221-1.  PHI has provided no invoices or any other proof that the retainer and other fees were actually paid.
>
> ***
>
> Finally, the Court finds that the documentation submitted to support PHI's Class-settlement.com fees is insufficient.  PHI has submitted a quote. Docket No. 221-2.  There is no evidence that those were the actual fees incurred or that PHI has actually paid them.

Docket No. 222 at 6-7.

On March 21, 2019, PHI filed the instant motion for clarification.  It acknowledged that it had only submitted quotes from these two entities prior to the March 21, 2019 decision.  Docket No. 224 at 1.  With the motion, PHI submitted the Affidavit of Dorothy Sue Merryman, Senior

Project Manager for Class-Settlement.com attesting that PHI's counsel paid their invoice in the amount of $17,855 on June 13, 2018.  Docket No. 224-1 at 1.  PHI also submitted copies of the invoice with a notation that reads "PAID 6/13/18" and a statement dated June 30, 2018 indicating that the invoice had been paid.  Docket No. 224-3; Docket No. 224-4.  Finally, Ross Good, counsel for PHI, submitted an affidavit attesting that on June 13, 2018, he paid Class-Settlement.com $17,855.00 for class administration services in this matter.  Docket No. 224-5.  PHI has provided no further documentation with respect to Hooper, Lundy & Bookman.  PHI requests that "this Court clarify what additional documentation, if any, is necessary for this Court to reimburse expert fees to Hooper, Lundy & Bookman and the class administration costs in this matter."  Docket No. 224 at 2.

    PHI's motion is not a motion for clarification.  This Court's order is clear: PHI had not provided adequate evidence to support its request for reimbursement of Hooper's and Class-Settlement.com's fees at the time the Court issued the order, which was months after the Court raised concerns about the documents, or lack thereof, supporting the requests.  See In re Fidelity/Micron Sec. Litig., 167 F.3d 735, 738 (1st Cir. 1999) ("Unverified expenses may be rejected out of hand.").

    Rather, PHI appears to be seeking reconsideration of the Court's order.  In order to prevail on a motion for reconsideration, the moving party must "either clearly establish a manifest error of law or present newly discovered evidence." Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15 (1st Cir. 2006). "A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" Id. (citation omitted).  While PHI has now

provided evidence regarding payment of Class-Settlement.com's fees, it has not explained why it was unable to submit that documentation when this Court initially requested it in September 2018 or after the November 16, 2018 hearing when this Court put PHI on notice regarding the deficiencies in its request for expenses.  At the hearing, PHI listed the type of documentation that it could provide potentially in order to support its request for reimbursement of Hopper, Lundy & Bookman and Class-Settlement.com fees, but it apparently decided not to do so until after the Court issued its March 21, 2019 order.  See Docket No. 218 at 9, 10, 12.

    Accordingly, this Court denies the motion.

                                                         /s/ Jennifer C. Boal
                                                  Honorable Jennifer C. Boal
                                                  United States Magistrate Judge